Argued March 19; reversed April 8; rehearing denied May 2, 1947

# STATE ex rel. BLACKWELL v. BLACKWELL
### (179 P. (2d) 278, 179 P. (2d) 1023)

*Brazier C. Small,* of Salem (with Donald M. Graham, of Prineville, on brief), for appellant.

*Ralph E. Moody,* of Salem (with L. H. McMahan, of Salem, on brief), for respondent.

Before ROSSMAN, Chief Justice, and LUSK, BELT, BAILEY, HAY and WINSLOW, Justices.

BELT, J.

*On motion to dismiss appeal:*

■ Respondent moves to dismiss the appeal in this contempt proceeding for the reason that since the defendant was adjudged in contempt of court on October 5, 1946, he has (1) "voluntarily paid a part of the judgment appealed from", and (2) has also delivered to relatrix a part of the personal property described in the decree of divorce. It is admitted that subsequent to the order adjudging defendant in contempt he did make some payments in an effort to comply with the decree as it was his duty to do so. The general rule—upon which respondent relies—that an appeal will be dismissed where the judgment or decree appealed from has been satisfied or complied with by

appellant has, in our opinion, no application herein. When defendant made these payments, it was not for his own benefit in the sense that he was reaping the fruits of the judgment appealed from, but rather they were made through compulsion. *Duniway v. Cellars-Murton Co.,* 92 Or. 113, 170 P. 298; 4 C. J. S., Appeal and Error, § 1354 (f). It would be a harsh rule indeed that if a person made a bona fide effort to comply with the decree of a court as to such payment of money, and because of doing so, he would be precluded from showing his inability on appeal fully to comply therewith. None of the authorities cited by the respondent involve contempt proceedings and are not contrary to our conclusion.

■ That part of the decree in the divorce proceedings ordering the defendant "to suitably pack for shipping and have the same shipped and delivered, free of cost to plaintiff, Ruth Blackwell, at Madras, Oregon," certain furniture and other personal property is null and void, and the failure to comply therewith could not be the basis for an indirect contempt. Whatever defendant did in reference to shipment of personal property is immaterial so far as this proceeding is concerned.

The motion to dismiss this appeal is denied.

*On the Merits:*

Defendant Kenneth K. Blackwell appeals from an order adjudging him in contempt of court for failure to comply with a decree, in a divorce proceeding, ordering him to pay alimony and money for the support and maintenance of his three minor children. Under the divorce decree, rendered on June 13, 1946, appellant was ordered to pay to his wife the sum of $50 per month as alimony and the sum of $25 per month for

each of the minor children awarded to the custody of their mother. On August 22, 1946, the relatrix instituted this contempt proceeding by filing an affidavit alleging that the defendant had failed and refused to comply with the decree providing for the payment of alimony and money for the support and maintenance of the minor children. It was further alleged "that defendant Kenneth K. Blackwell has stated he will pay no money to relatrix unless and until she waives her alimony allowed to her by this court." In this initiatory affidavit, it was alleged that there was due and owing from the defendant the sum of $250 for alimony and the sum of $375 for support and maintenance of the children.

Based on this affidavit, the court cited the defendant to appear and show cause why he should not be adjudged to be in contempt of court. In answer to the charge of being in contempt, the defendant filed the following counter-affidavit:

"State of Oregon
County of Crook. ss.

I, Kenneth K. Blackwell, being first duly sworn say; that I am the defendant above named; that I have read the affidavit of L. H. McMahan filed in the above court and matter in support of the motion to show cause why certain things required by the decree of the above court in the case of Ruth Blackwell v. Kenneth Blackwell have not been done; that the reason why certain household goods and personal effects have not been delivered to the plaintiff at Madras, Oregon, is that said order does not state where in Madras they were to be delivered neither have I ever been advised by said Ruth Blackwell or any other person whomsoever where said personal property was to be delivered; that had I had said information I would have complied

with and delivered said personal property; that said affidavit is not true in that it states that I have refused to make the alimony and maintenance money payments because I was insisting or represented that I would not make payments as provided in said decree because of the alimony award; that the true and real and only reason that said payments have not been made is that I have not the money to make the same; that I have no property on which I can raise money; that I have no source from which to obtain the same; that I have applied to my father and mother but they have refused to advance me further funds and have likewise refused to assist me in getting funds; that I am now and have been for several months past unable to work that I am ill and sick; that I am under the continuous care of Dr. Raymond Jones, physician and surgeon of Redmond, Oregon; that he has informed me that I must have an operation; that he further informs me that I am run down; that I know this to be a fact as I have lost 25 pounds in weight in the past three months that Dr. Jones is now caring for me attempt to get me in the necessary physical condition to undergo this operation; that I cannot travel in a car or other vehicle; that I am almost unable to walk that if I get around at all it is with the utmost difficulty and pain.

s/ Kenneth K. Blackwell"

Defendant also filed an affidavit of his physician, Dr. Raymond F. Jones, wherein it was averred in substance that the defendant's physical condition was such that it would endanger his health for him to travel from Bend, Oregon, to Salem, Oregon, for the hearing. The doctor further averred that defendant had been under his treatment for the past two months preparatory for a surgical operation. The relatrix filed no affidavit refuting these averments by the defendant and his doctor.

The cause came on for hearing before the court on September 5, 1946, the relatrix appearing in person and by her attorney, L. H. McMahan, and the defendant appearing not in person, but being represented by one of his attorneys, Brazier C. Small. No testimony was taken, but the cause was submitted solely on the affidavits above mentioned. The court entered Findings of Fact that the defendant had wilfully failed to comply with the decree in that there was due and owing to relatrix the total amount of $625. The court further found that the defendant had failed to "carefully pack, ready for shipment, all of said personal property and deliver it to plaintiff's order in Madras, Oregon", as provided in the decree. It was further found "that defendant, Kenneth K. Blackwell, is now financially able to make the payments required of him under the above mentioned decree, and to deliver said personal property to plaintiff."

Based on such findings, it was adjudged that the defendant was guilty of contempt of court, but provided that he could purge himself of such contempt by payment of the amount due ($625) on or before twenty days from date of the order, and by delivery to plaintiff of said personal property. It was further adjudged that, if defendant failed to pay such sum and to deliver the personal property above mentioned within the aforesaid period of time, he be confined in the county jail for a period of twelve months.

■■ The affidavit in the initiatory pleading or complaint upon which the jurisdiction of the court is based. *State ex rel Bassett v. Bassett,* 166 Or. 628, 113 P. (2d) 432, 114 P. (2d) 546. It is sufficient if it alleges a wilful disobedience of the decree relative to the payment of alimony and money for support and maintenance of the minor children. We think a reasonable inference of

wilful disobedience to the decree may be drawn from the averment in the initiatory affidavit that defendant threatened not to pay anything unless there was a waiver of alimony. It was not necessary for the relatrix to allege the ability of the defendant to make these payments, as that was a matter adjudicated when the decree in the divorce proceedings was rendered. *State ex rel Grover v. Grover,* 158 Or. 635, 77 P. (2d) 430; *State ex rel Casey v. Casey,* 175 Or. 328, 153 P. (2d) 700.

■■ Proof of the divorce decree and the failure to comply therewith as to payments constituted a prima facie case of contempt. To overcome this prima facie case, it was necessary for the defendant affirmatively to show his inability to comply with the decree relative to payments. The burden of proceeding with the evidence rested upon the defendant, but the burden of proof did not shift and it remained for the relatrix to establish by a preponderance of the evidence that there was a wilful disobedience of the defendant to make the payments as decreed by the court. In some jurisdictions, the guilt of the contemner must be established by proof beyond a reasonable doubt. In this state, however, it is sufficient to establish the charge of contempt by the greater weight of the evidence.

■ It is not the policy of the law to punish any person for failure to do something impossible for him to do. Inability to pay is a complete defense, unless the conduct of the defendant is contumacious. *State ex rel v. Mallett v. Shannon,* 155 Or. 382, 64 P. (2d) 87; *State ex rel Hall v. Hall,* 153 Or. 127, 55 P. (2d) 1102.

■ The financial condition of defendant was a matter peculiarly within his own knowledge, and, when charged with failure to comply with the decree of the court as to payment of money, it was incumbent upon

him, if seeking to excuse his failure to make the payments, to make a full and complete disclosure of the facts showing his inability to pay. It is presumed that, when the court entered the decree of divorce fixing the amount of money that the defendant should pay, it was made only after a consideration of the financial condition of the defendant and his ability to pay. If subsequent to the decree of divorce there had been a change in his financial condition, the burden of proceeding with the evidence to overcome the prima facie case, as above stated, rested on him.

We are unable to agree with the contention of the defendant that, since no oral evidence was taken in the contempt proceeding, the judgment of the circuit court cannot be sustained. It is established in this jurisdiction that in this kind of proceeding the cause may be submitted to the court on affidavits. It was so held in *State v. La Follett,* 132 Or. 257, 284 P. 283; *State ex rel Nayberger v. McDonald et al,* 128 Or. 684, 274 P. 1104; see annotation, L. R. A. 1917 B, page 119. It is true that the defendant had the right to be heard by oral testimony if he had so desired, but, having, without objection, submitted the cause on affidavits, he will not now be heard to complain. In other words, defendant waived the right he now says was violated.

The counter-affidavit of the defendant is not refuted by any affidavit or other evidence tending to show that the averments of the defendant are false. His answer, or counter-affidavit, therefore stands uncontradicted that he is unable at this time to comply with the decree of the court relative to payments. Defendant avers in positive language that he has no money with which to make the payments, nor does he have any property on which he can obtain funds. If these allegations of the defendant were false, the

relatrix should have offered evidence either by affidavit or by oral testimony tending to establish their falsity. Relatrix having in no way challenged the counter-affidavit of the defendant, we must conclude as a matter of law that the prima facie case of the relatrix has been overcome.

The conclusion reached herein does not preclude the relatrix from instituting another contempt proceeding if it can be shown that there has been a subsequent change in the financial condition of the defendant and that he is able to comply with the decree of the court.

The findings of the circuit court that the defendant has wilfully failed to make the payments as provided in the decree cannot be sustained. It follows that the order adjudging defendant in contempt must be reversed.

Petition for rehearing denied May 2, 1947

ON PETITION FOR REHEARING
(179 P. (2d) 1023)

BELT, J.

■ In the original opinion no mention was made about costs and disbursement, on the assumption that they followed the judgment of contempt as a matter of course. On further consideration and on the authority of State ex rel Bassett v. Bassett, 166 Or. 628, 113 P. (2d) 432, 114 P. (2d) 546, we hold that neither party will recover costs or disbursement. In this kind of proceeding the question of awarding costs rests in the discretion of the court.

With this modification, the petition for rehearing will be denied.