Argued March 31, affirmed May 27, 1964

STATE ex rel McKEE *v.* McKEE

392 P. 2d 645

*Rollin E. Bowles,* Portland, argued the cause for appellant. With him on the brief were Weiser, Bowles & Young, Portland.

*Lamar Tooze, Jr.,* Portland, argued the cause for respondent. With him on the brief were Tooze, Powers, Kerr, Tooze & Morrell, Portland.

Before McAllister, Chief Justice, and Rossman, Perry, Sloan and Lusk, Justices.

ROSSMAN, J.

This is an appeal by Marshall Roland McKee from a decree of the circuit court adjudging him in contempt for failure to pay a lump sum alimony payment decreed by the court and from an order denying his motion to modify the alimony provisions of the divorce decree.

Mrs. Virginia McKee, the respondent, was awarded a decree of divorce from Marshall Roland McKee on

July 31, 1961. The decree awarded Mrs. McKee the family automobile, the residence, $375 per month alimony and $55,000 in a lump sum payment. Mr. McKee has complied with all provisions of the decree except payment of the $55,000.

Mrs. McKee instituted the contempt proceedings alleging Mr. McKee had failed to pay any of the $55,000. In that proceeding Mr. McKee moved to modify the decree by relieving him of the obligation to pay the $375 per month and by allowing him to discharge the $55,000 obligation at the rate of $500 per month. He asserts his assets are insufficient to pay the $55,000 and that if he is required to liquidate his holdings he will be unable to generate enough income to make payment of the $375 per month.

■ Appellant (Mr. McKee) offers seven assignments of error. The first six involve the single question of whether he is financially able to pay the $55,000 obligation demanded by the decree of divorce. The seventh asserts the court erred in finding that the sum of $750 is a reasonable amount to award Mrs. McKee as fees for her attorneys. Before approaching the first six assignments, we hold the seventh assignment of error has no merit.

■ Proof of the divorce decree and failure to comply with all its terms constituted a prima facie case of contempt. To overcome this prima facie case it was necessary for appellant affirmatively to show his inability to comply with the decree relative to payment of the amount ordered. The burden of proceeding with the evidence shifts to Mr. McKee, but the burden remains with Mrs. McKee to establish by the greater weight of the evidence there was a willful refusal to make the payment decreed by the court. *State ex rel.*

*Blackwell v. Blackwell,* 181 Or 157, 179 P2d 278, 179 P2d 1023.

■ It is not the policy of the law to punish a man for failure to do something which is impossible; consequently, Mr. McKee's inability to pay is a complete defense unless he has in bad faith rendered himself unable to do so. *Nelson v. Nelson,* 225 Or 257, 357 P2d 536.

We quote the following from the brief presented to this court by counsel for Mr. McKee, the appellant:

> "While in this particular case the appellant has not sold his interest in the companies, the appellee is in effect insisting that he dissipate all of his capital assets, whatever they may be, in order that he pay the judgment. Even in the event the appellant were able to dispose of all his capital assets at market value, it is doubtful that they would realize enough after the income taxes were paid to pay the judgment and would leave him in the position of being only an employe and without any right to control or have a voice in the operation of the companies that now pay his salary, his only source of income."

It appears from the quotation, as well as from the supporting facts presented by the record, that Mr. McKee is able to discharge at least a part of the $55,000 judgment.

We take the following from *Mowery v. Mowery,* 50 Tenn. App. 648, 363 SW2d 405:

> "If the respondent is able to perform in part, he may be committed also until he performs to that extent. Gossett v. Gossett, 34 Tenn. App. 654, 241 SW2d 934."

We take the following from *Sappington v. Sappington,* 245 Miss 260, 147 So2d 494:

> "* * * The appellant has the right to pay his

necessary living expenses out of his earnings before paying anything on the decree awarding alimony to the appellee, but he must live economically and whenever he has any money not then required for his living expenses, it is his duty to pay it on the decree, and any failure to do so will be a contempt of court punishable as such. * * *"

See also *Jackson v. Jackson,* 241 S.C. 1, 126 SE2d 855.

We believe it satisfactorily appears that Mr. McKee is able to pay at least a part of the $55,000 judgment.

■ The amount of an award of alimony or support payment incorporated in a divorce decree must depend to a large extent on the discretion of the trial judge. The same holds true on a motion to modify the monetary aspects of the decree. The trial judge has the advantage of hearing testimony and receiving evidence of the parties' needs and financial condition, and his exercise of discretion should be overturned only in the event of a clear abuse. *Trombley v. Trombley,* 225 Or 209, 357 P2d 283; *Smith v. Smith,* 212 Or 654, 320 P2d 1111; *Shields v. Bosch,* 190 Or 155, 224 P2d 560; *Miles v. Miles,* 185 Or 230, 202 P2d 485. See also ORS 107.090.

■ This record discloses Mr. McKee's only attempt to pay the $55,000 sum was an offer to discharge the obligation by payment of $500 per month on condition he be relieved of the duty to pay the $375 monthly amount. This plan would require 110 months to completely discharge the obligation and substantially reduce the amount Mrs. McKee would receive. If she were deprived of the $375 sum for the same number of months, her recovery would be $41,250 less. We feel this is not a reasonable attempt to comply with the decree.

■ Mr. McKee's defense of the charge of contempt and the ground of his motion to modify the decree are based on his assertion of a financial condition which renders him unable to pay the $55,000 and the monthly amount of $375. Consequently, an analysis of his financial condition will serve to resolve the remaining issues on this appeal.

His financial condition has been reviewed by two eminent judges; in the first instance in the divorce action, and in the second instance in the proceedings which predicates this appeal. Both of these judges concluded Mr. McKee was financially capable of paying the full amount of the decree.

In litigation of this nature, each case must be determined on its peculiar facts. It is unnecessary to reproduce in this opinion the financial structure of Mr. McKee. We conclude after a thorough review of the record and exhibits submitted by both parties there is sufficient evidence to sustain the trial judge's conclusion that Mr. McKee is financially able to discharge the obligations imposed by the divorce decree. Accordingly, the judgment of contempt is affirmed, and the denial of the motion to modify the decree is likewise affirmed.