Submitted November 15, affirmed December 8, 1972

STATE OF OREGON ex rel WOLF, *Respondent, v.*
WOLF (No. 101398), *Appellant.*

503 P2d 1255

Edward N. Fadeley, Eugene, for appellant.

No appearance for respondent.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FOLEY, J.

Plaintiff wife was granted a decree of divorce from defendant on August 2, 1971. As part of that decree, defendant was ordered to pay to plaintiff $300 per month in alimony until such time as the plaintiff might remarry. In addition, a property settlement agreement between the parties was incorporated into

the decree by virtue of which the defendant was required to pay certain debts which the parties had incurred during their marriage.

Defendant soon fell behind in his alimony payments. On September 3, 1971 the first of several motions to find the defendant in contempt was filed with the court. On February 18, 1972 defendant filed a motion to reduce the amount of alimony to $100 per month, and both the latter motion and the motion for a finding of contempt were heard on February 28, 1972. The court denied defendant's motion to reduce the alimony payments and found the defendant in contempt for his failure to pay the requisite amount, but allowed the defendant a period of 70 days in which to purge himself of the contempt by paying the back alimony which he then owed.

■ On June 30, 1972 plaintiff moved the court to find defendant in contempt because of his failure to purge himself. That motion was heard on July 17, 1972 and the court, finding that defendant had failed to purge himself, sentenced defendant to seven days in jail for the contempt. Defendant appeals from the finding of contempt and the sentence thereon.[1]

■■ Proof of the divorce decree and proof of defendant's failure to comply with the alimony provisions thereof constituted a prima facie case of contempt. *State ex rel McKee v. McKee,* 237 Or 583, 392 P2d 645 (1964); *State ex rel. v. Blackwell,* 181 Or 157, 179 P2d 278, 179 P2d 1023 (1947). To overcome this prima facie case it was necessary for defendant affirmatively

---

[1] Defendant's assignments of error raise questions concerning the lower court's denial of his motion to reduce his alimony payments. However, such matter was not included in defendant's notice of appeal, and we are therefore precluded from considering it. ORS 19.029(1).

to show his inability to comply with the requirement imposed upon him. Thus, the burden of proceeding with the evidence shifted to defendant at that point, but the burden of proof did not shift and it remained for plaintiff to establish by the greater weight of the evidence that there was a wilful refusal to make the payment decreed by the court. *State ex rel McKee v. McKee,* supra; *State ex rel. v. Blackwell,* supra.

■ It is not the policy of the law to punish a man for failure to do something which is impossible; consequently, defendant's inability to pay, if established, would be a complete defense unless he had in bad faith rendered himself unable to do so. *State ex rel McKee v. McKee,* supra; *Nelson v. Nelson,* 225 Or 257, 357 P2d 536, 89 ALR2d 1 (1960).

■ Nevertheless, it is the obligation of one under such an order to pay support, to make every effort to comply therewith. Where, as here, defendant's income was much reduced after the divorce, from approximately $1200 monthly to an average of approximately $500, it is obvious that he could not have complied fully with the order requiring him to pay $300 per month and still have maintained himself. However, there was evidence that defendant, during this period, had *some* funds in his hands which he could have applied toward plaintiff's support but that he chose to make other application of this money. The law requires that one comply with the court's order to the extent of his ability. *State ex rel McKee v. McKee,* supra. The trial court found, based on the evidence, that defendant was capable of making payments to apply on plaintiff's support and wilfully failed to comply with the court's order. We agree.

Affirmed.