Argued February 1, affirmed February 20, petition for rehearing denied March 15, petition for review denied April 17, 1973

STATE OF OREGON, *Respondent, v.* LARRY DALE SIZEMORE (No. 72-0598), *Appellant.*

506 P2d 502

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*John W. Osburn,* Solicitor General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Burgess, Assistant Attorney General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

FORT, J.

Defendant was convicted of nonsupport of his two minor children. ORS 167.605. He appeals from the resulting judgment. His sole assignment of error is the denial by the court of his motion for a judgment of acquittal.

He did not take the stand and offered no evidence in his own behalf. The evidence showed that he was divorced on April 5, 1971. At that time he was a young, able-bodied man who had been working during the marriage at physical labor, particularly driving log trucks, which he was doing at the time of his divorce. The divorce court entered a support order against him requiring him to contribute $50 a month to the support of each of his two children. The wife testified that he normally received $225 take-home pay every two weeks.

The support ledger showed that on May 26 he paid $50. Thereafter, he paid nothing.

The indictment of February 18, 1972, charged failure to support for more than the 60-day period, and the state elected to stand on the period of July 1 to August 31, 1971. The essence of defendant's position is that the state was required, in order to establish a prima facie case, to show that during that 60-day period he was gainfully employed and actually received funds therefrom sufficient to enable him to have paid the required support money. In the absence of such direct evidence, he contends that the state has not shown that his failure to pay was wilful.

We disagree. This case is somewhat similar to *State v. Francis,* 126 Or 253, 256, 269 P 878 (1928), where the court stated:

"The facts of this case, when the state rested,

> disclosed a young man in the prime of life, in good health, bright of intellect, well educated, somewhat proficient as a high school athlete, and yet this young man the evidence showed had contributed not a cent towards the support of his two children in three years of time; nor had he displayed enough interest in them to visit them, although he resided in the same city in which they resided, and although their mother had demanded support from him. Since ordinarily a young man so richly endowed by an indulgent nature is able to support in part at least his family, the court properly held that the evidence submitted by the state constituted a *prima facie* case."

In other words, the element of wilfulness was established, in part, by circumstantial evidence of the defendant's ability to pay at least *some* support money during the period of nonsupport.

The facts in this case, that the defendant is a young, able-bodied man, who generally made $225 take-home pay every two weeks prior to the divorce, but made *no* contribution to his children's support after the initial $50 payment, amount to sufficient circumstantial evidence that his failure to support his children was wilful.

We note that recently the Court of Appeals of Washington considered at length both the validity of the statutory presumption of that state relating to failure to support wife or child, RCW 26.20.080,①

---

① RCW 26.20.080 reads as follows:

"Proof of the abandonment or nonsupport of a wife, or the desertion of a child or children, ward or wards, or the omission to furnish necessary food, clothing, shelter, or medical attendance for a child or children, ward or wards, is prima facie evidence that such abandonment or nonsupport, or omission to furnish food, clothing, shelter, or medical at-

and its constitutionality in the context of establishing the requisite wilfulness of such failure. *State v. Finister,* 5 Wash App 44, 486 P2d 114 (1971).

There the court concluded after a lengthy discussion:

"We hold, therefore, that where the state establishes the failure to support and that defendant is physically and vocationally able to work, application of the presumption to establish prima facie willfulness (thus permitting defendant to show, if he can, that he was economically unable to pay support) does not violate defendant's constitutional presumption of innocence, nor does it unconstitutionally compel him to incriminate himself." 486 P2d at 117.

Affirmed.

---

tendance is wilful. The provisions of RCW 26.20.030 are applicable whether the parents of such child or children are married or divorced and regardless of any decree made in said divorce action relative to alimony or to the support of the wife or child or children." 486 P2d at 116.