Submitted on briefs May 17, affirmed May 31, 1973

STATE ᴇx ʀᴇʟ TURNBULL, *Respondent, v.*
KLUM, *Appellant.*
510 P2d 576

Laurence Morley, Lebanon, for appellant.

William B. Wyllie, Salem, for respondent.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

## SCHWAB, C. J.

This is an appeal by Donald G. Klum from an order of the circuit court entered December 1, 1972, adjudging him in contempt for failure to pay child support payments decreed by the court, and for failure to return custody of one of the children, Gary Klum, to the plaintiff. Klum was sentenced to five days in jail. Defendant also appeals from the order denying his motions to modify the child support provisions of the divorce decree and to be given credit for the money spent for Gary's support while Gary was residing with him.

Bonnie L. Turnbull, formerly known as Bonnie L. Klum, the plaintiff, was awarded a decree of divorce from Donald Klum on December 7, 1971. The decree awarded Mrs. Klum custody of Gary and Jeffery Klum, and ordered defendant to pay through the clerk of the court $225 per month per child for their support.

Defendant made support payments until July 13, 1972, after which date he made no payments. On August 30, 1972, plaintiff's attorney wrote requesting payment of the support and return of the son Gary, who had been staying with the defendant during July and August. In October 1972, plaintiff moved to hold defendant in contempt for failure to return the child and to pay support. Defendant then moved to modify the decree to reduce support payments, and to change custody of Gary. The court modified the decree by granting defendant custody of Gary and held defend-

ant in contempt for his previous failure to return the boy and to pay support.

Defendant first contends that the decree should be modified because his financial condition has deteriorated.

"A party who requests a modification of a provision of a divorce decree relating to support or alimony must allege and prove a change in the circumstances of one or the other of the parties sufficient to justify the modification requested * * *." *Watson v. Watson,* 251 Or 65, 66, 444 P2d 476 (1968).

■ In order to prove a change of circumstances, defendant must necessarily allege and prove what his financial position was at the time of the original decree. The original amount of child support was stipulated, so that no proofs were offered on the subject at that time. At the hearing on the request for modification, defendant testified to his present financial condition, but offered no proof relating to his circumstances at the time of the original decree. Defendant failed to prove that his previous condition was any different from that which he alleged presently existed, and the motion to modify support provisions was properly denied. *See, Watson v. Watson,* supra; Annotation, 89 ALR2d 7, 58-61 (1963).

■ Secondly, defendant contends that his failure to pay support and to return custody of Gary was due to financial inability and a misunderstanding between the parties, and not willful disobedience of the decree such as would support a contempt conviction. His proofs as to his financial condition consist solely of his testimony that his business was not meeting his hopes or expectations, and a recitation of some of his debts with no indication as to when payment was due.

He admitted that while he was allegedly unable to pay support from July to November, he paid $500 in September for an option to purchase property for $48,500. By his own admission he had some money which he could have applied to support payments, but he chose to make other application of the money. His choice amounted to a willful failure to comply with the court's order. *State ex rel Wolf v. Wolf,* 11 Or App 477, 503 P2d 1255 (1972).

The defendant further testified that he had understood the plaintiff to say that she wanted no more support money after July, and that she consented to Gary's staying with him. Plaintiff denied making the alleged statements. Defendant admitted receiving the letter from plaintiff's attorney in August requesting support money and return of Gary.

■ The record supports the trial court's conclusion that defendant's failure to comply with the court's order was willful and defendant was properly adjudged to be in contempt of court. *State ex rel McKee v. McKee,* 237 Or 583, 392 P2d 645 (1964).

Finally, defendant contends that he should equitably be allowed credit for support provided directly to the child while the child was in his custody.

"The general rule is to the effect that, when a defendant husband is required by a divorce decree to pay to the plaintiff money for the support of the children and the unpaid and accrued installments become judgments in favor of the plaintiff, he cannot, as a matter of law, claim credit on account of payments voluntarily made directly to the children, though special considerations of an equitable nature may justify a court in crediting such payments on his indebtedness to the plaintiff when that can be done without injustice to the

plaintiff wife * * *." *Briggs v. Briggs,* 178 Or 193, 204, 165 P2d 772, 166 ALR 666 (1946).

The "special consideration of an equitable nature" on which defendant relies is the fact that it was necessary for him to spend money on Gary while Gary was living with him, i.e., on expenses occasioned by his wrongful withholding of custody. The trial court correctly refused to allow the claimed credit. *See, Baures v. Baures,* 13 Ariz App 515, 519, 478 P2d 130, 134 (1971), wherein the Arizona Court of Appeals observed:

> "A father who is required to make periodic payments for the support of minor children has an opportunity to relieve himself of that liability by a petition to modify the decree *in futuro* but he cannot remain silent while the installments accrue and then claim credit for his voluntary acts. In view of the mandatory requirements of the divorce decree as to payments of the monthly support installments to appellant, although it is to appellee's credit that he cared for his daughter, he was a volunteer and is not thereby relieved from the obligations of the decree. As stated in Bradley v. Fowler, 30 Wash.2d 609, 192 P.2d 969 (1948):
>
> " 'If, under such a decree as we have here before us, the father could refuse to make the payments required of him, and in an attempt to justify such refusal show that he had expended certain sums of money on his children while they were with him, it is evident there would be continuous trouble and turmoil. If a party to such a decree is not satisfied with its provisions relative to the custody of the children, or payments required to be made for their support, such a party may always come into court and ask for a modification of the decree.' 192 P.2d at 975."

*See,* Annotation, 2 ALR2d 831 (1948).

Affirmed.