Argued January 20, affirmed February 8, 1977

# STATE ex rel FRY, *Respondent,*
## *v.*
# FRY, *Appellant.*
## (No. 71-400-E, CA 6814)
559 P2d 1293

William A. Mansfield, Medford, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

THORNTON, J.

**THORNTON, J.**

Defendant appeals from a contempt citation for wilful failure to comply with the support provisions of a 1972 decree of dissolution. The trial court found defendant in contempt, sentenced him to 30 days in jail, suspended 20 days of the sentence and placed him on probation for five years.

The marriage between the parties was dissolved in March of 1972. The decree provided that defendant pay child support of $150 per month for each of three children. The support payments were to increase to $200 per month within one year of the decree. Payments were later reduced to $165 per month per child when the wife began working full time.

The record in this case reveals six separate motions for contempt citations between June of 1973 and August of 1976 for failure to timely pay child support. Prior to the proceedings from which defendant appeals, only one of the contempt motions was pursued to a conclusion. In April of 1975 defendant was found in contempt of court for failure to meet his child support obligations and was placed on probation for a period of 12 months. The court at that time also found that "there has been a deliberate and willful attempt by the respondent to reduce his income in an effort to get his child support obligations lowered."

The citation for contempt in the present case arose specifically out of a support payment due in December of 1975 which was not paid until the following month, but the record shows a history of tardiness and omissions by defendant in the payment of support obligations.

Defendant urges three assignments of error in his brief. The first assignment, that the motion for citation to show cause was not accompanied by an af-

fidavit, was abandoned at oral argument after defendant became aware of ORS 23.765(4).[1]

■ In his second assignment of error defendant urges that the finding of contempt was erroneous because it was based in part on prior contempt citations on which there was no disposition or which resulted in dismissal. The record is clear that the trial court first found defendant in contempt, then utilized the entire record, including prior contempt motions, as factors in determining the imposition of a sanction. We find no error in this procedure.

■ Defendant's third assignment is that the trial court abused its discretion in finding contempt and imposing a jail sentence. Proof of the decree of dissolution and failure to comply with all its terms constitutes a prima facie case of contempt. To overcome this prima facie case it is necessary for defendant to affirmatively show his inability to comply with the decree. *State ex rel McKee v. McKee,* 237 Or 583, 392 P2d 645 (1964). Defendant's inability to pay, if established, is a complete defense unless he has, in bad faith, rendered himself unable to do so. *State ex rel Wolf v. Wolf,* 11 Or App 477, 503 P2d 1255 (1972). If the defendant is able to comply partially with the decree, the law requires that he comply to the extent of his ability. *State ex rel McKee v. McKee* and *State ex rel Wolf v. Wolf,* both *supra.* In this case defendant has failed to show his inability to comply with the child support requirements of the decree. Defendant, a dentist, testified that he grossed $36,000 in 1975 and paid taxes on an adjusted gross income of $12,264.69. Under all the circumstances we see no reason to disturb the trial court's finding that defendant was capable of making payments toward his children's support, and that he

---

[1] ORS 23.765(4) provides in part:

"Upon receipt of a copy of the statement of the delinquent amount [of support payments], the district attorney * * * may, in his * * * discretion institute contempt proceedings under ORS 33.010 to 33.150 * * *. A statement of the amount due may be used in lieu of the affidavit required under ORS 33.040."

wilfully failed to comply with the decree. Likewise we find no abuse of discretion with regard to the sanction imposed.

Affirmed.