Argued and submitted April 30, affirmed July 8, 1982

# STATE ex rel ALBRECHT,
## *Respondent,*
### *v.*
# ALBRECHT,
## *Appellant.*

### (No. 40587, CA A22176)

647 P2d 983

Jeffrey C. Pridgeon, Newport, argued the cause and filed the brief for appellant.

Ronald L. Brown, Deputy District Attorney, Newport, waived appearance for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

This is an appeal from an order finding father (respondent) in wilful contempt for failure to pay child support and sentencing him to a jail term of 60 days. Execution of sentence was suspended on the condition that respondent "pay the support obligation currently due." We affirm.

■ Father's argument[1] on appeal is two-pronged: He contends, *first,* that the motion and affidavit do not properly allege facts constituting contempt, and, *second,* that the proffered evidence fails to meet the requisite burden of proof, because his testimony that he was willing to pay support but unable to do so constituted a complete defense. We are convinced from a review of the record that there is sufficient evidence to support the trial court's finding.[2] However, we believe the pleading question requires discussion.

■ Father argues that the motion and affidavit are deficient, because there is "no mention of [his] wilfully failing to make support payment[s]." He relies heavily on *State ex rel Blackwell v. Blackwell,* 181 Or 157, 179 P2d 278, 179 P2d 1023 (1947), and *State ex rel Bassett v. Bassett,* 166 Or 628, 113 P2d 432, 114 P2d 546 (1941). Contrary to his apparent contention that those decisions insist on a *specific* allegation of "a wilful disobedience of a court order," the cases are clearly less demanding. The court in *State ex rel Bassett v. Bassett, supra,* 166 Or at 634, referred to a requirement that the affidavit "set forth the facts constituting the contempt," and in *State ex rel Blackwell v. Blackwell, supra,* 181 Or at 163-64, concluded that an allegation of those facts from which a "reasonable inference of wilful disobedience" may be drawn is sufficient. We find no insistence that the specific word "wilful" be added to the pleadings.

---

[1] Mother did not submit a brief.

[2] The only direct evidence offered against father was a copy of the Department Human Resources record of his child support payment account. However, the ll judge had the advantage of observing him, testify as to his financial situation, concluded from the evidence that there was an unexplained discrepancy ween his *actual* and his *purported* available monies.

In this case, the motion sought an order requiring father "to appear and show cause why he should not be held in contempt of Court for failure to support his minor children as previously ordered by this Court." In a supporting affidavit, mother identified the prior order and father's child support obligations thereunder and asserted that, according to Department of Human Resources records, he was delinquent in meeting those obligations. In addition, the record shows that the citation served with the motion and affidavit "commanded" father "to appear before the * * * Court * * * to show cause, if any exists, why [he] should not be held in contempt of Court for *wilfully* refusing to make support payments, * * *." (Emphasis added.) Surely, father, who sought out counsel and came forward to contest this matter, was well aware of the court's purpose in issuing a citation requiring him to "show cause." There could be no misapprehension as to *what* was happening and *why* it was happening. To believe that matters would have been improved somehow by placing the word "wilful" in the affidavit or motion can be nothing more than grasping at a straw. The Supreme Court recently stated in *In the Matter of Virginia Hanks,* 290 Or 451, 460-61, 623 P2d 623 (1981) that:

> "* * * in contempt proceedings initiated on the motion of a third party, * * * an affidavit stating facts sufficient to constitute a *prima facie* case is 'essential to invoking the jurisdiction of the court.' *State ex rel Oregon State Bar v. Lenske,* 243 Or 477, 480, 405 P2d 510, 407 P2d 250 (1966). *The rationale for this rule is that the initial affidavit is in the nature of a complaint, to be governed by the rules of pleading and, like any initial pleading, it must give the contemnor adequate notice of the charge."* (Emphasis added.)

The motion and affidavit in this case comply with that standard.

Affirmed.