In re Grand Jury Subpoena of Edward Jones.

## STATE ex rel SCHRUNK,
*Respondent,*

*v.*

## JONES,
*Appellant.*

(C81-09-34411; CA A22771)

662 P2d 788

David L. Slader, Portland, argued the cause and filed the briefs for appellant.

Virginia L. Linder, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendant, an attorney, appeals from an order holding him in contempt of court. The facts are not in dispute. Defendant was appointed to represent two clients, each of whom was charged with theft in the first degree. After his two clients both failed to appear for their trials, the Multnomah County District Attorney, in contemplation of filing criminal failure to appear charges against them, ORS 162.205, subpoenaed defendant before a grand jury to answer whether he had advised his clients of their trial dates. Defendant appeared before the grand jury but refused to answer the prosecutor's questions, asserting the attorney-client privilege and the right to counsel under the Sixth Amendment. On the state's motion, the court ordered defendant to answer the questions.

When defendant then declined to testify in a show cause hearing, the circuit court determined that he was in contempt and ordered that a fine of $100 be imposed but declined to require him to testify. The court concluded that, because the district attorney's office had formulated no consistent policy regarding when failure to appear charges would be brought against a defendant who does not appear for trial, a coercive sanction would be inappropriate. No appeal was taken from that order.

Approximately six weeks later, defendant was subpoenaed to appear before a newly-empaneled grand jury. He moved to quash the subpoena on the grounds raised in the first proceeding and the additional ground that collateral estoppel precluded a claim that defendant could be compelled to testify. The motion to quash was denied, and defendant was again ordered to appear and testify before the grand jury. When he again refused to do so, the circuit court entered an order finding him in contempt, this time ordering his confinement until such time as he should comply with the order to testify.

■ Defendant concedes, as he must, that each of his refusals to testify constituted a separate contempt, punishable separately. *See, e.g., United States v. Hawkins,* 501 F2d 1029 (9th Cir), *cert den* 419 US 1079 (1974); *United States v. Smith,* 532 F2d 158 (10th Cir 1976). He contends only that, because in the first proceeding a determination was made that a specific sanction was not appropriate, in the second proceeding the sanction found inappropriate in the first may not be imposed.

The flaw in defendant's argument is that he fails to distinguish "guilt" of contempt from "punishment" for contempt. Guilt of contempt is a determination made by the factfinder following the litigation of the contested factual issue. Punishment involves the proper disposition after the factual issues have been litigated and a determination of guilt has been made. ORS 33.100 directs that "[u]pon the evidence so taken, the court or judicial officer shall determine whether the defendant is guilty of the contempt charge, and if determined to be guilty, shall sentence him to be punished as provided in ORS 33.020." ORS 33.020(1) gives the court the power to impose a fine or period of imprisonment or both as a sanction for the contempt, subject to certain limitations.[1] ORS 33.020(2) gives the court additional authority to fashion a sanction for contemptuous acts:

> "In addition to the punishment provided for in subsection (1) of this section, the court or judge shall have power to constrain performance of any lawful order, judgment or decree of such court or judge, by imprisonment of the person failing or refusing to comply, until the order, judgment or decree has been complied with."

It is apparent from the foregoing that, after a determination of guilt has been made, the appropriate punishment is left to the court's discretion. *Taylor v. Gladden,* 232 Or 599, 606, 377 P2d 14 (1962).

■■  Collateral estoppel applies to bar relitigation of material issues and determinative *facts* which were actually or necessarily decided in the prior proceeding. *Jones v. Flannigan,* 270 Or 121, 124, 526 P2d 543 (1974). The factual issue before the court in the contempt proceedings was defendant's guilt or innocence. The discretionary determination of the appropriate sanction to be imposed in the first case in no way restricts the discretion of the court in the second proceeding with respect to the sanction to be imposed. For his first refusal to testify, defendant had been found in contempt, had been fined and had not appealed that ruling, thus, in effect, acquiescing in the trial's court determination that his conduct was contempt.

---

[1] The court has inherent power to punish contempt, and the punishment may exceed the limits established by statute. *See State ex rel Oregon State Bar v. Lenske,* 243 Or 477, 491-96, 405 P2d 510, 407 P2d 250, *cert den* 384 US 943, *reh den* 384 US 1028 (1966).

His persistent refusal to testify in the second proceeding, despite his knowledge that the conduct was in contempt of court, was a proper factor for the trial court to consider in determining the appropriate sanction in the second proceeding. *State ex rel Fry v. Fry,* 28 Or App 403, 406, 559 P2d 1293 (1977).

Defendant also argues that, because the sanction for the first contempt was a fine, he was guilty of a criminal contempt and cannot now be found guilty of a civil contempt punishable by imprisonment until he has complied with the court's order to testify. However, as the Supreme Court recognized in *In the Matter of Virginia Hanks,* 290 Or 451, 623 P2d 623 (1981), the distinction between civil and criminal contempt is a somewhat misleading label applied to a given act of contempt because of the sanction. The court stated:

> "The distinction between criminal contempt and civil contempt is not always made clear, and much confusion has arisen in connection with the two terms. In a nutshell, criminal contempt is contempt which is *punished,* usually by fine and/or imprisonment. Civil contempt is contempt in which the court's sanction is intended to compel compliance with the court's order, such as jailing a recalcitrant witness until the witness answers questions which the court has ordered to be answered." 290 Or at 458 n 10. (Emphasis in original.)

*See also, State v. Thompson,* 294 Or 528, 531, 659 P2d 383 (1983).

Affirmed.