Argued and submitted September 26, 1990, sentence vacated; remanded for resentencing; otherwise affirmed March 6, reconsideration denied May 29, petition for review allowed June 20, 1991 (311 Or 432)
Petition for review and appeal dismissed August 27, 1991 (312 Or 151)

In the Matter of the Marriage of

## Christina D. WYNNE,
*Petitioner,*

*and*

## Harry M. WYNNE,
*Respondent.*

## STATE ex rel Christina D. WYNNE,
*Respondent,*

*v.*

## Harry M. WYNNE,
*Appellant.*

(D8301-60030; CA A62223)

806 P2d 723

Doreen Stamm Margolin, Portland, argued the cause and filed the brief for appellant.

Ann Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant was found guilty of contempt for disobeying a support order. ORS 33.010(1)(e). Imposition of sentence was suspended, and he was placed on five years' probation with the condition that he pay the monthly child support ordered by the dissolution judgment and pay a certain additional amount monthly in order to pay off the arrearage. There is no provision in the judgment for defendant to purge himself of the contempt.

At trial, the state put on evidence of defendant's knowledge of the support order and his failure to pay. The state then rested. Defendant moved for a judgment of acquittal, arguing that this is a criminal proceeding and that the state was required to prove each element of the contempt beyond a reasonable doubt. The state argued that this is a civil proceeding and that defendant may be required to establish inability to pay after the state puts on a *prima facie* case. *See State ex rel Fry v. Fry,* 28 Or App 403, 406, 559 P2d 1293 (1977). The trial judge eventually ruled that a contempt proceeding like this is neither civil nor criminal, but *sui generis,* and that defendant had the burden to establish that he was unable to pay support.

That characterization is not helpful on the issue of whether the state must prove all elements of the contempt beyond a reasonable doubt. In *Hicks v. Feiock,* 485 US 624, 108 S Ct 1423, 99 L Ed 2d 721 (1988), the Supreme Court addressed whether a state could require a defendant to establish inability to comply with an order in a contempt proceeding where a determinate sentence was imposed. It stated:

> "As interpreted by the state court here, [the statute] requires respondent to carry the burden of persuasion on an element of the offense, by showing his inability to comply with the court's order to make the required payments. If applied in a criminal proceeding, such a statute would violate the Due Process Clause because it would undercut the State's burden to prove guilt beyond a reasonable doubt." 485 US at 637. (Citation omitted.)

The Court explained that determining whether a contempt proceeding is civil or criminal in nature requires an examination of the sanction imposed:

> "Nonetheless, if the sentence is a determinate one, then the punishment is criminal in nature, and it may not be imposed

unless federal constitutional protections are applied in the contempt proceeding." 485 US at 637. (Footnote omitted.)

We came to the same conclusion in *State ex rel AFSD v. Burkhart,* 80 Or App 681, 723 P2d 375 (1986):

"'The trial court's order clearly states that defendant 'is sentenced to 30 days in the county jail.['] That is a determinate sentence and, thus, this is a criminal contempt." 80 Or App at 683, n 2.

Between the time of the trial and the submission of the case to this court, we decided *Langdon and Langdon,* 100 Or App 661, 788 P2d 473 (1990), in which the defendant had been found guilty of contempt for non-payment of support. At the beginning of trial, the state indicated that it would call the defendant as a witness. The defendant objected on the basis of his state and federal rights against self-incrimination. The trial court stated unequivocally that the proceeding was one for civil contempt and ordered the defendant to testify. The defendant was found guilty, and a determinate sentence was imposed. We held that the court, having ordered the defendant to testify over his constitutional objection, was not authorized to impose a criminal sentence. The defendant argued that the proper remedy was outright reversal. We instead remanded for resentencing for civil contempt.

Here, defendant was given a determinate sentence with no opportunity to purge the contempt. Although the trial court treated the case as a non-criminal matter, it imposed a criminal penalty. We remand for a disposition consistent with a civil contempt.

Sentence vacated; remanded for resentencing; otherwise affirmed.