STATE ex rel Cathie L. MIKKELSEN,
*Respondent,*

*v.*

Cody Allen HILL,
*Appellant.*

(89-11-9705-E; CA A66027)

813 P2d 1130

George W. Kelly, Eugene, argued the cause and filed the brief for appellant.

Yuanxing Chen, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Defendant appeals a judgment finding him in contempt for failure to pay child support. We reverse.

In 1988, defendant was divorced and ordered to pay $150 a month child support. He made no payments. The district attorney issued a citation for him to show cause why he should not be held in contempt. The court treated the matter as a criminal contempt, informing defendant that he faced jail as a result of not having paid his support obligations. Counsel was appointed.

Neither defendant nor the state called witnesses or presented evidence. Nevertheless, the trial court believed that it had enough before it to enable it to make a ruling. It held that the state had made a

"prima facie showing and without some showing of an inability to pay on the part of the Defendant, has met its burden of persuasion. The burden of going forward does indeed shift to the Defendant in view of the State's prima facie case which appears within the file itself."

The court found that defendant had "purposely and willfully failed" to comply with the support order and imposed a suspended sentence and a year of probation.

Defendant argues that the trial court shifted the burden of proof from the state to him, in violation of the Due Process Clause. He relies on *Hicks v. Feiock,* 485 US 624, 108 S Ct 1423, 99 L Ed 2d 721 (1988), in which the defendant had been found in criminal contempt for nonsupport under a California statute that provided that evidence that a parent had knowledge of the order and had not complied with it was *prima facie* proof of contempt. The California appellate court concluded that the statute violated the Due Process Clause, because it purported

"to impose a mandatory presumption compelling a conclusion of guilt without independent proof of an ability to pay * * *." 485 US at 628.

The United States Supreme Court agreed that the statute, at least as applied to a criminal contempt proceeding, was unconstitutional:

"As interpreted by the state court here, [the statute]

requires respondent to carry the burden of persuasion on an element of the offense, by showing his inability to comply with the court's order to make the required payments. If applied in a criminal proceeding, such a statute would violate the Due Process Clause because it would undercut the State's burden to prove guilt beyond a reasonable doubt." 485 US at 637. (Citation omitted.)

The state argues that *Hicks* is distinguishable because, in Oregon, the existence of a support order, together with the bare fact of an obligor's failure to pay, has traditionally been regarded as establishing a *prima facie* case of contempt, with "inability to pay" available only as an affirmative defense. *See State ex rel McKee v. McKee*, 237 Or 583, 585, 392 P2d 645 (1964), *overruled on other grounds State ex rel Hathaway v. Hart*, 300 Or 231, 708 P2d 1137 (1985); *State ex rel v. Blackwell*, 181 Or 157, 164, 179 P2d 278, 1023 (1947), *overruled on other grounds State ex rel Hathaway v. Hart, supra; State ex rel Fry v. Fry*, 28 Or App 403, 559 P2d 1293 (1977). Accordingly, the state contends that, unlike in the California scheme, it is not required to prove defendant's ability to pay.

■ We do not agree with the state that the cases predating *Hicks* are still good authority insofar as they hold that, after the state proves nonpayment, a defendant can avoid contempt only by showing an inability to pay. That procedure—which effectively requires a defendant to disprove contempt—does not differ from California's and, under *Hicks,* it is not allowed. Proof of the ability to pay cannot be shifted away from the state. *See Wynne and Wynne,* 106 Or App 210, 212, 806 P2d 723, *rev allowed* 311 Or 432 (1991).

■ The only question remaining is whether the state's evidence was sufficient to establish a *prima facie* case of contempt, including the element of ability to pay. ORS 33.010(1)(e) defines contempt as "[d]isobedience of any lawful judgment, decree, order or process of the court." Although the statute does not require any particular mental state, the Supreme Court has expressly added the requirement that, in proceedings under ORS 33.010(1)(e), "there must be evidence sufficient to support a finding that such a violation was 'willful' * * *." *State ex rel Oregon State Bar v. Wright*, 280 Or 713, 715, 573 P2d 294 (1977).

Willfulness is related to a defendant's ability to pay. In *State ex rel Wolf v. Wolf,* 11 Or App 477, 480, 503 P2d 1255 (1972), the defendant was found in contempt for his willful refusal to make support payments, because he was *capable* of making at least partial payments but failed to do so. Likewise, in *State v. Sizemore,* 12 Or App 482, 484, 506 P2d 502 (1973), we held that "the element of wilfullness was established, in part, by circumstantial evidence of the defendant's ability to pay at least *some* support money during the period of nonsupport." (Emphasis in original.) In *State ex rel Dwyer v. Dwyer,* 299 Or 108, 698 P2d 957 (1985), the defendant was found guilty of contempt because he was aware of the support order, failed to comply with its terms and could have made enough money to pay support, but he decided not to; he "deliberately chose to work only sporadically at odd jobs to earn enough money to just 'get by.'" 299 Or at 110. In *State v. Mauro,* 92 Or App 194, 198, 757 P2d 454, *rev den* 307 Or 101 (1988), we held that there can be no willfulness, and thus no contempt, if a party cannot perform the act that was ordered.

■      Intentional or deliberate failure to comply with a support order is established when it is proved that a defendant knows about the order and is *able* to pay some support, but fails or refuses to do so. The trial court file contains defendant's affidavit of indigency indicating that, in the last three years, he worked for one month, earning $400, and that his present employer paid him $100 per month for fencing some acreage. His monthly income is listed as $100. The judge observed defendant in the court room and determined that he is "able-bodied." Those facts, without more, do not show that defendant was capable of any compliance with the support order. Accordingly, there was insufficient evidence of willfulness to find him guilty of criminal contempt.

■      The state argues that, in the event that we find a failure of proof of criminal contempt, we should remand for resentencing, because the trial court stated that it intended the case to be one for civil rather than criminal contempt. It is true that the trial court indicated the difficulty in getting the case off "dead center" and its desire to make the case "civil." However, unlike *Wynne and Wynne, supra,* where the trial court treated the matter as non-criminal, this case was treated as a criminal case and a determinate sentence was

imposed. The proceeding was a criminal case. *See Langdon and Langdon,* 100 Or App 661, 788 P2d 473 (1990). Therefore, we are unable to accept the state's invitation to remand.

Reversed.