Argued and submitted March 2, 1992, decision of Court of Appeals reversed; judgment of circuit court affirmed March 4, 1993

# STATE OF OREGON ex rel
## Cathie L. MIKKELSEN,
*Petitioner on Review,*

*v.*

## Cody Allen HILL,
*Respondent on Review.*

### (CC 89-11-9705-E; CA A66027; SC S38446)
847 P2d 402

Jas. Adams, Assistant Attorney General, filed the petition and argued the cause for petitioner on review. With him on the petition were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Yuanxing Chen, Assistant Attorney General, Salem.

George W. Kelly, Eugene, filed the response and argued the cause for respondent on review.

CARSON, C. J.

## CARSON, C. J.

Defendant in this case was held in criminal contempt for failure to make child support payments to relator. The Court of Appeals reversed the circuit court on federal constitutional grounds. *State ex rel Mikkelsen v. Hill*, 108 Or App 135, 813 P2d 1130 (1991). We reverse the decision of the Court of Appeals.

■ The governing Oregon statute, as interpreted by case law and discussed below, requires that disobedience of a court's order, to constitute contempt, must have been wilful. *Former* ORS 33.010(1)(e).[1] At issue is whether the state must prove ability to comply with the order to pay child support as part of establishing wilfulness in a case of criminal contempt or whether, instead, the person charged with contempt, to defend against the charge, must show affirmatively an inability to comply. Defendant here casts the issue in federal constitutional terms, contending that a state contempt statute may not constitutionally require a defendant affirmatively to show an inability to comply.

The facts recited by the Court of Appeals are not disputed:

"In 1988, defendant was divorced and ordered to pay $150 a month child support. He made no payments. The district attorney issued a citation for him to show cause why he should not be held in contempt. The court treated the matter as a criminal contempt, informing defendant that he faced jail as a result of not having paid his support obligations. Counsel was appointed.

"Neither defendant nor the state called witnesses or presented evidence. Nevertheless, the trial court believed that it had enough before it to enable it to make a ruling. It held that the state had made a

" 'prima facie showing and without some showing of an inability to pay on the part of the Defendant, has met its burden of persuasion. The burden of going forward does

---

[1] *Former* ORS 33.010(1)(e), *repealed by* Or Laws 1991, ch 724, provided that "[d]isobedience of any lawful judgment, decree, order or process of the court" constituted contempt of the court's authority. A similar statute, now in effect, defines contempt, *inter alia*, as "[willful d]isobedience of, resistance to or obstruction of the court's authority, process, orders or judgments." ORS 33.015(2)(b).

indeed shift to the Defendant in view of the State's prima facie case which appears within the file itself.'

"The court found that defendant had 'purposely and willfully failed' to comply with the support order and imposed a suspended sentence and a year of probation." 108 Or App at 137.

In *Hicks v. Feiock*, 485 US 624, 108 S Ct 1423, 99 L Ed 2d 721 (1988), the primary case on which defendant relies, the Supreme Court of the United States examined a California contempt statute[2] similar in effect to *former* ORS 33.010(1)(e). In *Hicks*, a California appellate court had determined that, under California law, ability to pay was an element of contempt for which the state had the burden of persuasion and that the state's attempt to shift the burden of persuasion to defendant by making inability to pay an affirmative defense was unconstitutional. *In re Feiock*, 180 Cal App 3d 649, 225 Cal Rptr 748 (1986), *vacated sub nom Hicks v. Feiock*, 485 US 624, 108 S Ct 1423, 99 L Ed 2d 721 (1988), *on remand, In re Feiock*, 215 Cal App 3d 141, 263 Cal Rptr 437 (1989) (*Feiock II*) (contrary analysis adopted on remand). The Supreme Court determined not to disturb the state's own interpretation of the unconstitutionality of its contempt procedure:

"The [California] court ruled that whether the individual is able to comply with a court order is an element of the offense of contempt rather than an affirmative defense to the charge, and that [the challenged California law] shifts to the alleged contemnor the burden of persuasion rather than simply the burden of production in showing inability to comply. We are not at liberty to depart from the state appellate court's resolution of these issues of state law." *Hicks v. Feiock, supra*, 485 US at 629.

Contrary to defendant's argument and to the conclusion of the Court of Appeals, *State ex rel Mikkelsen v. Hill, supra*, 108 Or App at 138, the Supreme Court did not decide in *Hicks v. Feiock, supra*, whether a state permissibly could place upon an alleged contemnor the burden of production on

---

[2] California's statute provided that, "[w]hen a court of competent jurisdiction makes an order compelling a parent to furnish support * * * for his child, proof that * * * the parent was present in court at the time the order was pronounced and proof of noncompliance therewith shall be prima facie evidence of a contempt of court." California Civ Proc Code Ann § 1209.5 (West 1982).

an affirmative defense of inability to comply; it merely noted (in the quoted passage) that whether ability to comply was an element of an offense or a defense to it was a question of state law. Our task, then, is to address two questions: (1) whether wilfulness is established by failure to pay child support in the absence of proof of ability to pay and (2) whether dispensing with a requirement for that proof in making a case of contempt is constitutional in a child-support setting. We answer both questions in the affirmative.

It long has been Oregon law that a wilful failure to pay ordered child support constitutes contempt and that a case of contempt is established by proof that a person wilfully failed to comply with a valid support order; the burden of proceeding with evidence of an inability to pay is on the contemnor. *See State ex rel v. Blackwell*, 181 Or 157, 164, 179 P2d 278, 179 P2d 1023 (1947) (stating principle), *modified and reh'g denied*, 181 Or 166, 179 P2d 1023 (1947), *overruled on other grounds by State ex rel Hathaway v. Hart*, 300 Or 231, 708 P2d 1137 (1985); *State ex rel McKee v. McKee*, 237 Or 583, 392 P2d 645 (1964) (same), *overruled on other grounds by State ex rel Hathaway v. Hart, supra*. We address for the first time whether ability to pay is part of the wilfulness element of criminal contempt[3] that the state must prove beyond a reasonable doubt.[4]

The present contempt proceeding was brought under *former* ORS 33.010(1)(e), which defined contempt as "[d]isobedience of any lawful judgment, decree, order or

---

[3] *Hicks v. Feiock*, 485 US 624, 108 S Ct 1423, 99 L Ed 2d 721 (1988), established that the key to distinguishing civil and criminal contempt is the sanction imposed. Defendant in this case was sentenced to one year of probation. A determinate sentence of probation is a punishment that is criminal in nature. 485 US at 639 n 11. The parties in the case before us acknowledge that this contempt proceeding was criminal. We agree. *See State v. Benton*, 311 Or 295, 298, 810 P2d 851 (1991) (contempt penalty is criminal "when it is imposed for a completed contempt that no longer can be avoided by belated compliance").

[4] The burden of proof in a criminal matter is beyond a reasonable doubt. ORS 136.415. The 1991 Legislative Assembly codified the burdens of proof in contempt proceedings:

"In any proceeding for imposition of a remedial sanction other than confinement, proof of contempt shall be by clear and convincing evidence. In any proceeding for imposition of a remedial sanction of confinement, proof of contempt shall be beyond a reasonable doubt." Or Laws 1991, ch 724, § 5(11), *codified at* ORS 33.055(11).

process of the court." An additional element of wilfulness was required by case law. *See State ex rel Grover v. Grover*, 158 Or 635, 639, 77 P2d 430 (1938) (so holding); *Rust v. Pratt*, 157 Or 505, 510, 72 P2d 533 (1937) (same). After the Court of Appeals decided this case, this court further explained the requirement of wilfulness in the context of non-payment of child support, stating that a *prima facie* case of contempt under *former* ORS 33.010(1)(e) consisted of "(1) the existence of a valid court order; (2) the contemnor's knowledge of the order; and (3) voluntary noncompliance with the order." *Couey and Couey*, 312 Or 302, 306, 821 P2d 1086 (1991). Interpretation of the element of wilfulness or "voluntary noncompliance" is critical to an analysis of whether ability to pay is an implied element of contempt. Accordingly, we set out to answer this question: Is "voluntary noncompliance" established by a simple failure to pay? The state urges us to interpret "voluntary" narrowly, so that ability to pay can be inferred except in extreme circumstances such as, for example, when a non-complying party has suffered a sudden coma. Defendant urges an interpretation that presumes that a party who has not complied with a court order has attempted in good faith to comply unless the state proves otherwise. We reject both approaches.

■■ In a proceeding to dissolve a marriage involving minor children, a court considers evidence of the needs of the children and the means of the parents, and, if appropriate, orders the payment of child support. Ability to pay is a necessary factor in ordering child support.[5] If a parent believes that the amount of child support ordered is too high, the parent may, of course, appeal the order. After the order is final, if the parent ordered to pay support becomes unable to pay because of a substantial change of circumstances, the parent may seek a modification of the support order. ORS 107.135. In the absence of an appeal of a support order or a motion to modify the support order, a court permissibly may

---

[5] Under the procedure at the time defendant in this case was ordered to pay support, it was incumbent upon judges to assess ability to pay on an individual basis. ORS 107.105(1)(c) (1983). Later adoption of uniform child support guidelines reduced somewhat the need for individualized analysis, but a support order continues to be based upon a proven or presumed ability to pay. *See* ORS 107.105(1)(c) (requiring use of formula for support order); ORS 25.275 and 25.280 (listing factors included in formula, many of which involve ability to pay).

infer that a parent who was ordered to pay support previously had the ability to pay and continues to have the ability to pay.

 To summarize, "wilful disobedience" of a court order to pay child support is established by showing that a party, aware of a court order, neither has complied with nor sought a modification of the court's order. A "wilful" mental state is an element of the offense of contempt; that element may be established by proof that a party had knowledge of a valid court order and failed to comply with the order. It follows that, in a criminal contempt proceeding brought for failure to pay child support, inability to comply with the support order is an affirmative defense; proving the ability to pay is not an element of the offense. Present law codifies that rule. ORS 33.055(10); 33.065(7) ("Inability to comply with an order of the court is an affirmative defense.").

Having construed the applicable statute to impose upon a defendant the burden of going forward with an affirmative defense that he or she did not have the ability to comply with the court order, we next turn to an analysis of whether the statutory procedure is constitutionally permissible.

 The due process clause of the Fourteenth Amendment requires the state to prove guilt beyond a reasonable doubt in a criminal case. *In re Winship*, 397 US 358, 90 S Ct 1068, 25 L Ed 2d 368 (1970). To do so, there must be proof "beyond a reasonable doubt of the existence of every element of the offense." *Jackson v. Virginia*, 443 US 307, 316, 99 S Ct 2781, 61 L Ed 2d 560 (1979). The state may not shift to the defendant the burden of proof on an element by creating mandatory presumptions, *Mullaney v. Wilbur*, 421 US 684, 95 S Ct 1881, 44 L Ed 2d 508 (1975), but it may place upon a defendant the burden of going forward on an affirmative defense so long as the state is required to prove each element of the crime beyond a reasonable doubt. *Patterson v. New York*, 432 US 197, 97 S Ct 2319, 53 L Ed 2d 281 (1977). This court summarized the rule of those federal cases several years ago: "Unless an affirmative defense has the effect of transferring to the defendant the burden of disproving an element of the prosecution's case, the affirmative defense will be permitted." *State v. Burrow*, 293 Or 691, 699, 653 P2d 226 (1982). *See also State v. Buttrey*, 293 Or 575, 590, 651 P2d 1075 (1982) ("There is no constitutional bar to the creation of

a strict liability offense while at the same time providing for excuse or mitigating factor by way of an affirmative defense.'').

 Once the state has proved beyond a reasonable doubt the elements of its case, as set out above, the burden of going forward with an affirmative defense of inability to comply with the court's order is on the defendant. We agree with the California court on remand of *Hicks v. Feiock, supra,* that this result makes sense, because ''the contemnor is in the best position to know whether ability to pay is even a consideration in the proceeding and also has the best access to evidence on the issue, particularly in cases of self-employment.'' *Feiock II, supra,* 215 Cal App 3d at 147-48. In the face of a defendant's affirmative defense raising the issue, it remains the state's burden to prove that the defendant's failure to pay support nonetheless constituted contempt. It is not the state's burden to prove the nonexistence of an affirmative defense in its case,[6] and no such burden is constitutionally required. *Patterson v. New York, supra,* 432 US at 210. Accordingly, the due process rights of the accused are not denied.

In this case, defendant claimed his constitutional right to remain silent and presented no evidence that he was unable to pay. The trier of fact was entitled to find that the state proved its case beyond a reasonable doubt by establishing (1) that there was a valid support order, (2) that defendant knew that he had been ordered to pay, and (3) that defendant had neither paid nor sought a modification of the order. No more was required.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is affirmed.

---

[6] If inability to comply is raised as an affirmative defense, the defendant must establish the defense by a preponderance of the evidence. *See* ORS 33.065(7) (''Inability to comply with an order of the court is an affirmative defense.''); ORS 161.055(2) (affirmative defenses in criminal matters must be proven by a defendant by a preponderance of the evidence).