520

Argued December 9, affirmed December 30, 1959

STATE OF OREGON ex rel HOSS v. HOSS

347 P. 2d 992

*Donald H. Joyce*, Portland, argued the cause and filed a brief for appellant.

*Donald G. Krause*, Portland, argued the cause for respondent. On the brief were Krause, Lindsay & Kennedy, Portland.

Before McAllister, Chief Justice, Warner, Sloan and King, Justices.

PER CURIAM.

The trial court adjudged plaintiff to be in contempt for failure to pay child support and alimony payments required by a decree of divorce. He appeals. The plaintiff-appellant's only assignment of error is that there was enough evidence of inability to pay to consti-

tute a complete defense. *State ex rel v. Casey*, 175 Or 328, 337, 153 P2d 700, 172 ALR 862.

The record discloses that in April, 1956, the plaintiff filed suit against the defendant for divorce. The defendant filed a cross-complaint and the trial court, after a contest, awarded defendant a divorce, custody of three small children and the sum of $310 per month for the support of the three children and defendant. The problem of supporting and caring for the children of these parties was tragically greater than in the ordinary case. Two of the children had been stricken with polio. It was, therefore, necessary that the mother be in almost constant attendance and extensive medical and therapy treatment was required. The decree of divorce was entered in October, 1956.

In March, 1957, defendant filed appropriate pleadings requesting the court to hold plaintiff in contempt for failure to pay the support payments required by the decree. Plaintiff was delinquent at the time. The plaintiff responded by attempting to show his earnings had declined to such an extent that he could not maintain the required payments.

The transcript of testimony consists of only a few pages of plaintiff's testimony. That record indicates that other unreported testimony had been given. We are not informed of its character or extent. All we can say is that plaintiff has failed to sustain the burden cast upon him to show a satisfactory lack of ability to pay. The record discloses some probable hardship but not inability. *State ex rel v. Blackwell*, 181 Or 157, 179 P2d 278, 179 P2d 1023.

The care of the three children, particularly when two are seriously handicapped, was and should be, the paramount concern of the trial court. The evidence of hardship might have been sufficient to warrant a

reduction in the amount required to have been paid if a proper request had been presented to the trial court. We have no opinion on that. But the evidence did justify the order of contempt entered by the court. The order is affirmed.