Argued and submitted March 18, 1988, reversed and remanded January 25, 1989

In the Matter of the Guardianship
and Conservatorship of Rosa Stafford,
an Incapacitated and Protected Person.

MYERS,
*Plaintiff,*

*v.*

GOLDEN et al,
*Defendants.*

STATE ex rel STAFFORD,
*Respondent,*

*v.*

MYERS,
*Appellant.*

(51-85-02351; CA A43009)

767 P2d 481

Kenneth A. Morrow, Eugene, argued the cause for appellant. With him on the brief was Morrow, Monks & Sharp, P.C., Eugene.

Steven C. Baldwin, Eugene, argued the cause for respondent. With him on the brief was Harrang, Long, Watkinson & Arnold, P.C., Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Appellant appeals an order finding her in contempt and sentencing her to two years probation, subject to the conditions that she serve four days in jail and pay a $1,000 fine. We reverse.

Appellant is the daughter of Rosa Lee Stafford, who died during the course of these proceedings. In April, 1985, the court entered an order restraining and enjoining appellant from interfering with the care of Stafford, who had been placed in a nursing home by her court-appointed guardian and conservator, the relatrix in the contempt proceeding and respondent on appeal. On June 9, 1986, respondent filed a motion asking the court to order appellant to show cause why she should not be held in contempt for interfering with her mother's care. The court issued an order and, on June 16, the parties appeared before the court. The hearing was continued. On June 19, respondent filed an amended motion for an order to show cause, alleging six separate civil contempts, supported by affidavits of eight persons. The court issued an amended order and set a hearing for July 10. On July 8, appellant filed an affidavit. The hearing was postponed at the request of respondent and with the consent of appellant.

On July 23, respondent filed a request for admissions pursuant to ORCP 45. The request concerned, *inter alia,* the allegations of contempt in the amended motion of June 19. Appellant did not file a response to the requests. On October 27, respondent filed a motion for partial summary judgment. She asked that the court find appellant in contempt and set a date for sentencing. The court did so by letter dated December 8 and by "Findings of Fact and Order," dated January 14, 1987. At the sentencing hearing, on January 28, appellant appeared and moved to set aside the findings of fact and order of contempt. She asserted that there was an affidavit on record that directly put into issue respondent's accusations of contempt. The court denied the motion. Appellant assigns that ruling as error.

■ Although the trial court did not characterize the contempt as civil or criminal, we conclude that appellant was found guilty of indirect criminal contempt, because a penalty was "imposed as punishment for a completed contempt that can no longer be avoided by belated compliance." *State v.*

*Thompson,* 294 Or 528, 531, 659 P2d 383 (1983); *see also State ex rel Hathaway v. Hart,* 300 Or 231, 235, 708 P2d 1137 (1985); *State ex rel Dwyer v. Dwyer,* 299 Or 108, 111, 698 P2d 957 (1985). The fact that the trial court suspended imposition of sentence does not affect the characterization of defendant's penalty. *State ex rel Dwyer v. Dwyer, supra,* 299 Or at 111.

■ Appellant argues that requests for admissions are not available in contempt proceedings and that a determination of guilt of contempt cannot be made on a motion for summary judgment.[1] ORCP (1)A provides:

> "These rules govern procedure and practice in all circuit and district courts of this state, for all civil actions and special proceedings whether cognizable as cases in law, in equity, or of statutory origin *except where a different procedure is specified by statute or rule.*" (Emphasis supplied.)

Respondent concedes that ORS chapter 33 sets out "some specific rules governing practice and procedure in contempt proceedings" but argues that, to the extent that the chapter is silent, ORCP applies. We do not agree.

■ Whether or not other rules of *civil* procedure apply in contempt proceedings which are *criminal* in nature, requests for admissions and summary judgment do not. Indeed, criminal contempt proceedings are unique, *State ex rel Hathaway v. Hart, supra,* 300 Or at 238, and are quasi-criminal in nature. *State ex rel v. Bassett,* 166 Or 628, 638, 113 P2d 432, 114 P2d 546 (1941). The procedural protections for an alleged contemnor are set out in ORS chapter 33 and include the right to a hearing. In an indirect contempt, as here, if the charging affidavit states facts which would constitute a contempt, the court may issue an order to show cause. ORS 33.040. ORS 33.090 requires that "[w]hen the defendant has been brought up or appeared, *the court or judicial officer shall proceed to investigate the charge by examining the defendant * * *.*" (Emphasis supplied.)

■ A contempt proceeding is not to resolve disputes

---

[1] Respondent contends that appellant did not preserve these issues for review. We do not agree. The transcript of the January hearing shows that appellant raised the issue of the application of ORCP to the contempt proceeding and that the trial court expressly refused to "vacate the order based upon the Summary Judgment proceeding * * *."

between litigants; rather, it is a proceeding to enforce orders or judgments of a court, including imposition of sanctions. *See Rust v. Pratt,* 157 Or 505, 511, 72 P2d 533 (1937). The state acting in its capacity as a court is the plaintiff. ORS 33.060(1). Requests for admissions and a summary judgment proceeding based on those unanswered requests cannot support bypassing the requirement that the *court* investigate the facts.

■ Respondent argues that appellant has waived her right to give evidence orally, relying on *State ex rel. v. Blackwell,* 181 Or 157, 179 P2d 278, 179 P2d 1023 (1947), *overruled on other grounds State ex rel Hathaway v. Hart, supra,*[2] and *State v. La Follett,* 132 Or 257, 284 P 283 (1930). However, neither case supports the proposition that appellant's actions here amount to a waiver. In *La Follett,* the defendant, *at the hearing,* chose to stand on his demurrer to the contempt charge. In *Blackwell,* the defendant, without objection, submitted the cause on affidavits. The court noted that the defendant "had the right to be heard by oral testimony if he had so desired * * *." *State ex rel v. Blackwell, supra,* 181 Or at 165.

Here, appellant had appeared at the original show cause proceeding. It was continued, then reset and postponed and never rescheduled. Appellant filed a responding affidavit to the charging affidavit. She did not waive her right to be heard by not responding further to the request for admissions. She objected to the determination of contempt on a motion for summary judgment. It was error for the trial court to hold her in contempt without a hearing.[3]

Reversed and remanded.

---

[2] The Supreme Court overruled any implied holding in *Blackwell* that proof of contempt does not require clear and convincing evidence. 300 Or at 238.

[3] Because of our disposition of the case, we do not address appellant's second assignment of error.