Argued and submitted February 9, sentence vacated; remanded for resentencing for civil contempt; otherwise affirmed March 14, 1990

In the Matter of the Marriage of

LANGDON,
*Petitioner,*

*and*

LANGDON,
*Respondent.*

STATE ex rel LANGDON,
*Respondent,*

*v.*

LANGDON,
*Appellant.*

(D8706-63571; CA A60857)

788 P2d 473

Brice L. Smith, Portland, argued the cause for appellant. With him on the brief were Molly K. Smith and Smith & Smith, Portland.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant appeals from an order finding him guilty of contempt for failing to obey a child support order and sentencing him to serve 500 hours in the Forest Camp project, a determinate sentence.

On appeal, he argues that, because of the determinate sentence, the proceeding was for criminal contempt, rather than civil contempt. *Hicks v. Feiock,* 485 US 624, 108 S Ct 1423, 99 L Ed 2d 721 (1988); *State ex rel AFSD v. Burkhart,* 80 Or App 681, 723 P2d 374 (1986). If so, he had to be proven guilty beyond a reasonable doubt and could not be compelled to testify against himself. *Gompers v. Bucks Stove & Range Co.,* 221 US 418, 31 S Ct 492, 55 L Ed 797 (1911). Defendant was compelled to testify over his objection.

The state concedes that, if the trial court intended to sentence defendant to a determinate sentence, without permitting him to purge the contempt, the proceeding was criminal. In such a case, defendant would be presumed innocent until proven to be guilty beyond a reasonable doubt and could not be compelled to testify. If that is the case, the state suggests that the case be remanded to permit the trial court to determine whether the contempt was established beyond a reasonable doubt. However, that suggestion does not cure the court's ordering defendant to testify.

At the commencement of the proceeding, defendant's counsel advised the court that he did not intend to call defendant as a witness. The state then stated that it would call him, whereupon defense counsel advised the court that he would instruct defendant not to testify on the ground that it might tend to incriminate him, relying on both the state and federal constitutions. The court stated that this was not a criminal proceeding; it was civil. Defendant was then ordered to testify as a state's witness.

In *State ex rel AFSD v. Burkhart, supra,* we held that a determinate sentence in a contempt proceeding indicated that the proceeding was criminal. We reversed the contempt order and remanded to permit the trial court to identify the statutory basis on which the order was entered and to recite circumstances justifying a sanction in excess of a $100 fine. *See* ORS 33.020(1).

■ Unlike in *Burkhart,* defendant raised the issue at the beginning of the trial, at which time the court stated unequivocally that this proceeding was one for civil contempt. The trial court, having ordered defendant to testify over his constitutional objection, was not authorized to impose a criminal sentence. Because it imposed a determinate sentence of 500 hours, without granting defendant the right to purge the contempt, the sentence is invalid.

■ Defendant contends that the order must be reversed outright, because he was compelled to testify over his objection that it might tend to incriminate him, thereby subjecting him to possible criminal prosecution for failure to support. That question, however, may be faced when, and if, the occasion arises. Remanding for resentencing for a civil contempt is the appropriate remedy.

Sentence vacated; remanded for resentencing for civil contempt; otherwise affirmed.