Argued and submitted March 2, sentence vacated; remanded for resentencing for civil contempt; otherwise affirmed April 25, reconsideration allowed by opinion July 25, 1990
See 102 Or App 585 (1990)

# STATE OF OREGON,
*Respondent,*

*v.*

# LARRY DAVID BENTON,
*Appellant.*

(B63-787; CA A61763)

790 P2d 1191

David A. Hill, Eugene, argued the cause and filed the brief for appellant.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

## GRABER, P. J.

■        Defendant appeals from a judgment finding him guilty of contempt and ordering him to serve three days in jail for failing to pay restitution in accordance with a previous court order. ORS 161.685. He assigns error to the trial court's denial of his motion to dismiss the order to show cause why he should not be held in contempt. He asserts that the order "fails to set forth ultimate facts sufficient to constitute an offense, ORCP 21A(8), [because] ORS 161.685 violates" his rights under the Due Process Clause of the Fourteenth Amendment and his privilege against self-incrimination under the state and federal constitutions. Defendant's specific due process claim is that the state should have the burden to prove every element of the contempt beyond a reasonable doubt. All of his arguments rest on the premise that the proceeding was for criminal contempt, because the judge imposed a determinate sentence. *See State ex rel Hathaway v. Hart,* 300 Or 231, 235, 708 P2d 1137 (1985), *quoting State v. Thompson,* 294 Or 528, 531, 659 P2d 383 (1983).

The state argues that, because ORS 161.685 provides that defendant may be jailed only until he purges the contempt,[1] it is a civil contempt statute. Accordingly, the procedure that the trial court followed did not violate defendant's privilege against self-incrimination or his right to due process in the ways that he argues. We agree that ORS 161.685, under which the court acted, is a civil contempt statute and that we need not reach defendant's constitutional arguments.

■        The state concedes that the determinate sentence violated the statute but urges us not to address the point, because defendant did not assign it as error. We hold, however, that the imposition of a determinate sentence was an error of law apparent on the face of the record. ORAP 5.45(2). The court stated in its judgment that it was acting "pursuant to the provisions of ORS 161.685;" it plainly had no authority under that statute to do what it did. *See Langdon and Langdon,* 100 Or App 661, 788 P2d 473 (1990).

---

[1] ORS 161.685(2) provides, in pertinent part:

"[T]he court may find that the default constitutes contempt *and may order the defendant committed until the fine or the restitution, or a specified part thereof, is paid.*" (Emphasis supplied.)

Sentence vacated; remanded for resentencing for civil contempt; otherwise affirmed.