On appellant's petition for reconsideration filed May 24, reconsideration allowed, former opinion (101 Or App 386, 790 P2d 1191) adhered to July 25, petition for review allowed October 23, 1990 (310 Or 475)

STATE OF OREGON,
*Respondent,*

*v.*

LARRY DAVID BENTON,
*Appellant.*

(B63-787; CA A61763)

795 P2d 601

David A. Hill, Eugene, for petition.

Before Graber, Presiding Judge pro tempore, and Riggs and Edmonds, Judges.

GRABER, P. J. pro tempore

**GRABER, P. J.** pro tempore

Defendant petitions for review of our former opinion. 101 Or App 386, 790 P2d 1191 (1990). We treat the petition as one for reconsideration, ORAP 9.15(1), and adhere to our opinion.

On reconsideration, defendant asserts that we erred in holding that ORS 161.685 "as a whole" is a civil contempt statute, because ORS 161.685(4)[1] provides for determinate sentences. The provision for determinate sentences, he argues, makes the statute one for criminal contempt.

We read ORS 161.685(4) differently. ORS 161.685(2) allows the court to imprison a contemnor only "until the fine or the restitution, or a specified part thereof, is paid." ORS 161.685(4) does nothing more than limit the time that a contemnor may be required to serve if he or she fails to purge the contempt by complying with the court's order. That subsection does not authorize a determinate sentence *instead of* an indeterminate sentence. Accordingly, the statute is about civil contempt.

Reconsideration allowed; former opinion adhered to.

---

[1] ORS 161.685(4) provides:

"The term of imprisonment for contempt for nonpayment of fines or failure to make restitution shall be set forth in the commitment order, and shall not exceed one day for each $25 of the fine or restitution, 30 days if the fine or order of restitution was imposed upon conviction of a violation or misdemeanor, or one year in any other case, whichever is the shorter period."