Argued and submitted December 3, 1990, reversed and remanded for new trial
March 13, 1991

## STATE ex rel Deborah LEOPOLD,
*Respondent,*

*v.*

## Laurence C. McCALLISTER,
*Appellant.*

(D7607-10381; CA A63185)

807 P2d 325

Doreen Stamm Margolin, Portland, argued the cause for appellant. With her on the brief was Margolin & Margolin, Portland.

Jas. Adams, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

■ Defendant appeals from an order finding him in contempt for failing to obey a child support order.[1] The issue is whether he was entitled to invoke his privilege against self-incrimination in the civil contempt hearing. We reverse and remand.

At the contempt hearing, defendant asserted his privilege against self-incrimination under the Fifth Amendment and Article I, section 12, of the Oregon Constitution. The trial court determined that he did not have a right to remain silent in a civil contempt hearing and ordered him to testify. Defendant then testified regarding his employment and his other child support obligations. He stated that he could afford to pay approximately $100 per month for the support of the minor child. The state introduced certified records of defendant's wages during 1987, 1988 and 1989. The trial court said:

> "I'll make a finding that he is in contempt because he is employed and has some money and obviously could have paid some money. He's [sic] acknowledged that he can and will."

In its written contempt order, the trial court found that defendant "had knowledge of the support order and willfully disobeyed it."

Defendant asserts that the trial court erred in compelling him to testify after he asserted his privilege against self-incrimination.[2] We first consider the issue under the state constitution. *State v. Kennedy,* 295 Or 260, 262, 666 P2d 1316 (1983).

■■ Article I, section 12, provides that "[n]o person shall * * * be compelled in any criminal prosecution to testify against himself." By its terms, that privilege against self-

---

[1] Defendant does not challenge the validity of the underlying order.

[2] Defendant also contends that, without his testimony, there was no evidence to support the trial court's findings that he was able to comply with the child support order and that his failure to pay was wilful. The state suggests that there was sufficient evidence for a finding of civil contempt, even without defendant's testimony. We have reviewed the trial judge's statements, and it appears that she relied on defendant's testimony in making her findings. We cannot determine whether she relied on any evidence other than defendant's testimony.

incrimination is not available in all instances.[3] In *Langdon and Langdon,* 100 Or App 661, 788 P2d 473 (1990), the defendant was found in contempt for failure to comply with a support order, and the trial court improperly imposed a criminal penalty for civil contempt. We remanded the case for resentencing as civil contempt and declined to answer the defendant's claim that his compelled testimony might tend to incriminate him by subjecting him to possible criminal prosecution for failure to support. We wrote, "That question * * * may be faced when, and if, the occasion arises." *Langdon and Langdon,* supra, 100 Or App at 664. The question is now squarely before us.

In *State v. Langan,* 301 Or 1, 5, 718 P2d 719 (1986), the Supreme Court said:

> "The point is not whether a proceeding * * * is a 'criminal' or a 'civil' proceeding, as the parties argued before the circuit court, but whether defendant was 'compelled in any criminal prosecution to testify against himself.' Or Const, Art I, § 12. Although the guarantee refers to compelled testimony 'in' a criminal prosecution, it long has been interpreted to apply to any kind of judicial or nonjudicial procedure in the course of which the state seeks to compel testimony that may be used against the witness in a criminal prosecution." (Citations omitted.)

Persons tried for contempt may be indicted for the same conduct, if it constitutes a criminal offense. ORS 33.130. Failure to pay child support is a criminal offense under ORS 163.555(1):

> "A person commits the crime of criminal non-support, if being the parent, lawful guardian or other person lawfully charged with the support of a child under 18 years of age, born

---

[3] For example, the privilege against self-incrimination is not available in an administrative proceeding to avoid testimony that might lead to non-criminal consequences. *See 7455 Incorporated v. OLCC,* 310 Or 477, 482 n 6, 800 P2d 781 (1990). Neither is the privilege available to a mentally ill person in a civil commitment hearing to avoid testimony that may be used as a basis for civil commitment. *State v. Matthews,* 46 Or App 757, 613 P2d 88, *rev den* 289 Or 588 (1980), *cert den* 450 US 1040 (1981). Although we said in *State v. Benton,* 101 Or App 386, 790 P2d 1191, *adhered to* 102 Or App 585, 795 P2d 601, *rev allowed* 310 Or 475 (1990), that we did not need to reach arguments regarding the availability of the privilege in a civil contempt proceeding, the defendant in that case did not face a possible criminal prosecution in which his testimony might be used against him.

in or out of wedlock, the person refuses or neglects without lawful excuse to provide support for such child."

We hold that defendant may assert his constitutional right against self-incrimination in a civil contempt hearing relating to nonpayment of support, because his testimony could subject him to criminal prosecution under ORS 163.555(1).

The state contends that the questions asked at the contempt hearing were not incriminating and, therefore, that defendant's testimony did not pose a substantial risk of self-incrimination. The questions and defendant's answers related to his ability and willingness to pay child support, and the trial court appeared to rely on the answers in finding defendant in contempt. *See* n 2, *supra.* They could incriminate him if they were used in a trial for criminal non-support.

Because defendant prevails under state law, we need not discuss the issue under the federal constitution.[4]

Reversed and remanded for a new trial.

---

[4] Defendant's other arguments, that the contempt hearing was a criminal proceeding and that the burden of proof was beyond a reasonable doubt, do not require discussion. *See State ex rel Hathaway v. Hart,* 300 Or 231, 238, 708 P2d 1137 (1985); *Langdon and Langdon,* 100 Or App 661, 788 P2d 473 (1990).