Argued and submitted January 22, the decision of the Court of Appeals affirmed; sentence vacated and case remanded to district court for resentencing; otherwise judgment of district court affirmed May 2, 1991

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## LARRY DAVID BENTON,
*Petitioner on Review.*

## (DC B63-787; CA A61763; SC S37184)

810 P2d 295

David A. Hill, Eugene, argued the cause and filed the petition for petitioner on review.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the response were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Peterson, Chief Justice, and Carson, Gillette, Van Hoomissen, Fadeley, and Unis, Justices.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals from a judgment finding him guilty of contempt for wilful failure to pay restitution and ordering him to serve three days in jail. ORS 161.685.[1] The Court of Appeals concluded that the statute authorized only civil contempt and that the trial court's penalty was criminal because the court sentenced defendant to a determinate sentence of imprisonment with no provision for release if he paid the restitution. The court held that the determinate sentence imposed by the trial court was not authorized by ORS 161.685. *State v. Benton,* 101 Or App 386, 790 P2d 1191, *adhered to on reconsideration* 102 Or App 585, 795 P2d 601 (1990). We affirm.

Defendant was convicted of negotiating bad checks and was sentenced to pay restitution. Later, he was ordered to show cause why he should not be held in contempt for wilful failure to pay the restitution previously ordered by the court. He moved to dismiss the show cause order on the ground that it failed to set forth ultimate facts sufficient to constitute an offense, ORCP 21 A(8), arguing that ORS 161.685 unconstitutionally shifted the burden of persuasion in a criminal case from the state to him in violation of Article I, section 12, of the Oregon Constitution,[2] and the Fifth and Fourteenth

---

[1] ORS 161.685 provides in part:

"(1) When a defendant who has been sentenced or ordered to pay a fine, or to make restitution as defined in ORS 137.103, defaults in the payment thereof or of any instalment, the court on motion of the district attorney or upon its own motion may require the defendant to show cause why the default should not be treated as contempt of court, and may issue a show cause citation or a warrant of arrest for the appearance of the defendant.

"(2) Unless the defendant shows that the default was not attributable to an intentional refusal to obey the order of the court or to a failure on the part of the defendant to make a good faith effort to make the payment, the court may find that the default constitutes contempt and may order the defendant committed until the fine or the restitution, or a specified part thereof, is paid.

"* * * * *

"(4) The term of imprisonment for contempt for nonpayment of fines or failure to make restitution shall be set forth in the commitment order, and shall not exceed one day for each $25 of the fine or restitution, 30 days if the fine or order of restitution was imposed upon conviction of a violation or misdemeanor, or one year in any other case, whichever is the shorter period."

[2] Article I, section 12, of the Oregon Constitution provides in part:

"No person shall * * * be compelled in any criminal prosecution to testify against himself."

Amendments to the United State Constitution.[3] The trial court rejected defendant's constitutional arguments, denied his motion, and the case proceeded to trial.

At trial, the parties stipulated that the state could prove that defendant had made no restitution payment since May 1985, that there was a substantial amount of restitution remaining to be paid, and that the trial court's record contained no explanation by defendant for his failure to pay. Defendant presented no evidence. The trial court found defendant in contempt for wilful failure to pay restitution and sentenced him to serve three days in the county jail "pursuant to the provisions of ORS 161.685."

All of defendant's arguments on review rest on his underlying premise that, because the judge imposed a determinate sentence with no provision for release if defendant purged his contempt, the proceeding was for criminal contempt. In its brief, the state appears to concede that the trial court erred in sentencing defendant because the sentence was for a specified period.

■ A penalty for contempt is "civil" when it is imposed to compel compliance with an order and will end as soon as the respondent complies, and is "criminal" when it is imposed for a completed contempt that no longer can be avoided by belated compliance. *State ex rel Hathaway v. Hart,* 300 Or 231, 235, 708 P2d 1137 (1985) (quoting *State v. Thompson,* 294 Or 528, 531, 659 P2d 383 (1983)). We agree with the Court of Appeals that ORS 161.685 is a civil contempt statute. ORS 161.685(2) clearly provides for a civil contempt penalty permitting commitment until restitution, or some part thereof, is paid.

ORS 161.685 was enacted as part of the 1971 revision of the criminal code. The Commentary to that section states in part:

"If the court finds the defendant in contempt for nonpayment it may order him committed to jail until payment is satisfied. *Subsection (4) places a limit on the period of*

---

[3] Defendant does not argue that the statutory procedure under ORS 161.685(2), which requires a person to affirmatively show that his or her failure to obey a court's order was not an intentional refusal and that he or she had made a good faith effort to make the payment, is *per se* unconstitutional.

*imprisonment."* Proposed Oregon Criminal Code, Criminal Law Revision Commission Commentary to § 82 (July 1970) (emphasis added).

We understand this legislative history to mean that subsection (4) only places a limit on the maximum amount of time that a contemnor may be required to serve upon his or her failure to purge the contempt by compliance with the court's order. That subsection does not independently authorize a determinate sentence.

ORS 161.685(2) authorizes an indeterminate sentence, and it is implicit in the statute as a whole that a defendant may terminate his or her imprisonment at any time by purging himself or herself of contempt. To read ORS 161.685(4) as placing outer limits on the length of time an intransigent contemnor may be ordered to serve, even if he or she fails to purge the contempt, harmonizes that subsection with the balance of the statute. To read the subsection as petitioner would have us do, on the other hand, would place a criminal subsection in the middle of a civil statute.

█       In this case, the trial court erred in imposing a determinate sentence upon defendant. The decision of the Court of Appeals is affirmed. The sentence is vacated and the case is remanded to the district court for resentencing for civil contempt; otherwise, the judgment of the district court is affirmed.[4]

---

[4] ORS 161.685 is a civil contempt statute. Because all of defendant's arguments are premised on the assumption that it is a criminal statute, we need not reach his constitutional arguments.