PER CURIAM
*776 In this consolidated appeal, defendant challenges the trial court's entry of judgments on three counts of contempt of court, ORS 33.015, claiming, among other things, that the trial court plainly erred by finding him in contempt when the record contained no evidence that he was aware of the court's no-contact order when he violated it.[1] Defendant raises eight assignments of error. In his second, third, and fourth assignments of error, defendant contends that the court erred in finding him in contempt of court on Counts 2, 3, and 4, and, in his sixth, seventh, and eighth assignments of error, defendant contends that the court erred in imposing $40 in "state's attorney fees" on each of those three counts.[2]
*1186 The state, for its part, concedes that the trial court plainly erred by entering judgments of contempt on Counts 2, 3, and 4 when there was no evidence that defendant was aware of the no-contact order at the time he made telephone calls that violated the order, and agrees with defendant that the judgments should be reversed. See State v. Beleke , 287 Or. App. 417, 421, 403 P.3d 481, rev. den. , 362 Or. 208, 407 P.3d 814 (2017) ("To prove contempt, the state must establish the existence of a valid court order, the defendant's knowledge of that order, and the defendant's willful noncompliance with that order."). We accept the state's concession and conclude that the gravity of the error and the ends of justice weigh in favor of exercising our discretion to correct the error. See Ailes v. Portland Meadows, Inc. , 312 Or. 376, 382 n. 6, 823 P.2d 956 (1991) (factors to consider when deciding whether to exercise discretion to correct plain error include gravity of error and ends of justice). Our disposition of defendant's second, *777 third, and fourth assignments of error obviates the need to address his sixth, seventh, and eighth assignments.
In Case No. 17CN01924, judgments on Counts 2, 3, and 4 reversed; otherwise affirmed. In Case No. 17CR08169, affirmed.

Defendant filed notices of appeal in both A164945 (Marion County Circuit Court Case No. 17CN01924) and A164946 (Marion County Circuit Court Case No. 17CR08169) and the cases were consolidated for appeal. Defendant did not assign any error to the judgment of conviction for unlawful use of a weapon, ORS 166.220, and fourth-degree assault, ORS 163.160, in Case No. 17CR08169. His only assignments of error pertain to the contempt of court judgments in Case No. 17CN01924.

In his first and fifth assignments of error, defendant mistakenly contends that the trial court erred in finding him in contempt as to Count 1 and imposing $40 in "state's attorney fees." However, rather than finding him in contempt on Count 1, the trial court entered a judgment dismissing that count.