Submitted February 7, reversed March 11, 2020

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## KIMBERLY SUE CAVANAUGH,
*Defendant-Appellant.*

Clackamas County Circuit Court
C13030744A; A169307

461 P3d 1103

Ann M. Lininger, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Mark Kimbrell, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

PER CURIAM

Reversed.

## PER CURIAM

Defendant appeals from a judgment of punitive contempt for failure to pay child support. She argues on appeal that, because the state failed to prove that she received notice of the default judgment imposing child support, the court erred in finding that she willfully violated the support order. She also argues that the court erred in finding that she had the ability to pay child support. Because the state concedes the first issue, and we find that concession to be well-taken, we need not address defendant's second argument.

To prove punitive contempt for failure to pay child support, the state must adduce evidence of "(1) the existence of a valid court order; (2) the contemnor's knowledge of the order; and (3) voluntary noncompliance with the order." *State ex rel Mikkelsen v. Hill*, 315 Or 452, 457, 847 P2d 402 (1993) (internal quotation marks and citation omitted). The state presented evidence that defendant had been served with a summons in the underlying custody case that indicated that the petitioner in that case would be seeking child support from her. Defendant did not appear, and a default judgment imposing support was entered. In seeking to enforce the child support award, the state had made no contact with defendant. Defendant presented evidence that she had been evicted before the default judgment was entered, had been homeless since, and had had no notice of the existence of the support award. The state argued that the summons was sufficient to establish that a support order would be entered. The trial court agreed with the state and entered a judgment of punitive contempt. The state now concedes that it failed to prove that defendant had notice of the child support award. We agree and reverse. *See id.* at 458 ("willful" violation of court order "may be established by proof that a party had knowledge of a valid court order and failed to comply with the order"); *State v Pearce*, 294 Or App 775, 432 P3d 1185 (2018) (court erred in entering contempt judgment when there was no evidence that defendant had knowledge of no-contact order).

Reversed.